# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **ROBERT A. GRIFFIN** | : Case No. 3:19-cv-9 |
| Plaintiff, | : Judge Walter H. Rice |
| vs. | : **AGREED PROTECTIVE ORDER** |
| **DARLING INGREDIENTS, INC., et al.** | : |
| Defendants. | : |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and for good cause shown, the Plaintiff, Robert A. Griffin ("Plaintiff"), and Defendants, Darling Ingredients, Inc., f/k/a Darling International, Inc., Griffin Industries LLC and Federal Insurance Company, d/b/a Chubb ("Defendants") hereby stipulate to the entry of the following Agreed Protective Order. Plaintiff and Defendants may be hereinafter collectively referred to as "the Parties," or individually as a "Party."

This Agreed Protective Order is to preserve and maintain the confidentiality of certain personal and corporate proprietary and/or financial data ("Confidential Information") that may be disclosed or obtained by the Parties through testimony and/or the production of certain records by and between the Parties during the course of discovery. The Parties agree that good cause exists for this Agreed Protective Order to preserve the legitimate privacy interests of sources of Confidential Information that have not been released to the public and which the Parties may mutually seek production of through their respective discovery requests. The Court specifically finds that good cause exists for this Agreed Protective Order.

1. This Agreed Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated CONFIDENTIAL as described below, shall be used solely for the prosecution or defense of this litigation unless the information is available to the general public without a breach of the terms of this Agreed Protective Order. The measures designated by the Parties in this Agreed Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

2. This Agreed Protective Order is necessary to preserve the legitimate proprietary and privacy interests of sources of information and establishes a procedure for disclosing Confidential Information to the Parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

3. By entering into this Agreed Protective Order the Parties do not intend to waive any objections raised in response to discovery, nor does this Agreed Protective Order in any way obligate any Party to produce any specific documents or records in the future which a Party deems inappropriate for production.

4. Any documents produced subject to the terms of this Agreed Protective Order shall be considered Confidential Information and shall be given confidential treatment as described below. All documents produced subject to this Agreed Protective Order shall be designated or stamped CONFIDENTIAL.

5. Neither Party shall be obligated to challenge a CONFIDENTIAL designation at the time it is made, and failure to do so shall not preclude or prejudice a subsequent challenge thereto. In the event a Party disagrees at any stage with a CONFIDENTIAL designation, that

Party shall provide to the disclosing Party written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, either Party may request appropriate relief from the Court by way of a further motion. Such relief may be requested on an expedited basis. The disclosing Party shall have the burden of proving that the information has been properly designated CONFIDENTIAL. In the event the Court determines that the contested information is not Confidential Information, the CONFIDENTIAL designation shall be deemed to have been removed from the subject document and information contained therein. Nothing herein shall prohibit either Party from seeking relief from the Court to remove a CONFIDENTIAL designation, nor shall it prohibit a Party from seeking to reinstate a CONFIDENTIAL designation that has been removed pursuant to this paragraph. Unless and until the CONFIDENTIAL designation is removed, or in the event such designation is reinstated, use of such Confidential Information shall be governed by the Agreed Protective Order, except to the extent otherwise ordered by the Court.

6. Documents designated as CONFIDENTIAL will include documents containing sensitive personal or financial information, corporate proprietary and/or financial information, trade secrets, or commercially sensitive business information. Additional documents may be later identified which shall also be considered Confidential Information and such records shall be given similar protections pursuant to this Agreed Protective Order as specifically designated by the Parties during the course of this litigation.

7. Confidential Information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with this litigation.

8. Neither the receiving Party nor its representatives shall disclose documents designated as CONFIDENTIAL, other than to the following persons:

   a. All attorneys for the Parties, including in-house attorneys and outside counsel, and their assistants, associates, paralegals, clerks, stenographic personnel, and those individuals specifically acting at the direction of counsel;

   b. The Parties, including representative employees of each Party or any of their designated counsel of record in this action;

   c. Independent experts and consultants retained by any Party whose assistance is necessary for the preparation of trial of this specific action;

   d. Witnesses for each Party provided that such witnesses expressly agree to comply with the terms of this Protective Order by executing a document substantially in the form of Exhibit A hereto, and provided that such witnesses shall be allowed to review the Confidential Information, but shall not be provided with copies of the Confidential Information; and

   e. The Court (including any agent of the Court) and any court reporter used during depositions.

9. Certain Confidential Information may be so sensitive to either the privacy or business interest of a party or third party that it could potentially cause irreparable harm and damage to the disclosing party if that information were to be revealed. Such information may be designated as ATTORNEY'S EYES ONLY by any producing party by marking the information as ATTORNEY'S EYES ONLY as opposed to CONFIDENTIAL, in the same manner as set forth in Paragraph 8, and the ATTORNEY'S EYES ONLY information so-designated may only be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to the following persons:

   a. All attorneys for the Parties, including in-house attorneys and outside counsel, and their assistants, associates, paralegals, clerks, stenographic personnel, and those individuals specifically acting at the direction of counsel;

   b. Such persons as ordered by the Court or as agreed upon in advance by counsel asserting the ATTORNEY'S EYES ONLY designation;

  c. Independent experts and consultants retained by any Party whose assistance is necessary for the preparation of trial of this specific action;

  d. The Court (including any agent of the Court) and any court reporter used during depositions.

10. This Agreed Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

To the extent documents designated as CONFIDENTIAL are used as exhibits or attachments to any filing with the Court in the above-captioned litigation, the Party so using the Confidential Information will follow the procedure set forth in Paragraph 9 above and S.D. Ohio Civ. R. 79.3 for filing documents under seal. Nothing in this Agreed Protective Order precludes or limits a Party from viewing its own Confidential Information.

11. The use of documents designated as CONFIDENTIAL at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

12. Documents designated as CONFIDENTIAL or any other Confidential Information subject to this Agreed Protective Order shall not be made public by counsel for the receiving Party or divulged to anyone other than the persons entitled to access such information under Paragraph 8.

13. The agreement of the Parties to this Agreed Protective Order shall not be construed as an agreement or admission: (i) that any material or document designed as CONFIDENTIAL is, in fact, Confidential Information; (ii) as to the correctness or truth of any

allegation made or position taken relative to any matter designated as CONFIDENTIAL; or (iii) with respect to the authenticity, competency, relevance, or materiality of any document or thing designated as CONFIDENTIAL.

14. Any portion of any deposition that discusses otherwise CONFIDENTIAL information, as described in this Agreed Protective Order, will be deemed CONFIDENTIAL.

15. Nothing shall prevent disclosure beyond the terms of this Agreed Protective Order if any producing Party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected Parties, orders such disclosure.

16. If any party required to produce documents or other information inadvertently produces or has inadvertently produced in this litigation any Confidential Information without marking it appropriately, the producing party may give written notice to the receiving party or parties, including appropriately designated and stamped copies of the material, that the document or information is deemed designated pursuant to this Protective Order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the Confidential Information, the receiving party shall use commercially reasonable efforts to collect all copies of the inadvertently produced document or other information from all parties not entitled to access to such document or information had it been properly designated, and the document or other information shall thereafter be treated as if it had been timely designated pursuant to this Protective Order. If the receiving party believes that it will be subject to excessive costs or burdens in connection with undertaking to comply with the provisions of this Paragraph, then it shall notify the producing party in writing, and if the producing party instructs the receiving party to proceed with the collection of the inadvertently produced document or

other information, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection with its collection of the inadvertently produced document or other information. In no event, however, shall the inadvertent disclosure by the producing party of documents or other information without the appropriate Confidential Designation be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

17. The parties acknowledge that regardless of the disclosing party's reasonable diligence, an inadvertent disclosure of privileged or attorney-work product documents or information ("privileged information") may occur. The parties therefore agree that if an inadvertent disclosure of privileged information occurs or has occurred, the producing party shall notify the receiving parties of the inadvertent disclosure and identify the document or documents that the producing party asserts are subject to privilege, together with an explanation of the privilege(s) asserted. After the producing party asserts a privilege as to documents already produced, the receiving party shall have ten days to return the specified material or information and any copies. The receiving party may then move the Court for an order concerning the validity of the producing party's privilege assertion. If the receiving party believes that it will be subject to excessive costs or burdens in connection with undertaking to comply with the provisions of this Paragraph, then it shall notify the producing party in writing, and if the producing party instructs the receiving party to proceed with the collection of the inadvertently produced document or other information, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection with its collection of the inadvertently produced document or other information. The fact that such privileged documents are produced,

inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or work product doctrine.

18. The provisions of the Agreed Protective Order shall survive the conclusion of this litigation. This Court retains jurisdiction to adjudicate any disputes arising between the Parties or otherwise concerning the terms of this Agreed Protective Order.

19. This Agreed Protective Order shall not prohibit disclosure of Confidential Information to the Court or Court personnel (including any Court for purposes of appellate review) at any time.

20. After the conclusion of this litigation, outside counsel may retain copies of the pleadings, and may retain documents, things, copies, and samples to the extent they include or reflect the receiving party's attorneys' work product and may retain one file copy of all materials produced in this litigation. Notwithstanding the foregoing, after the conclusion of this litigation, outside counsel may not disclose, provide access to or review of any materials designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY to anyone including their clients, agents, witnesses, experts, consultants or other persons who acted at the direction of counsel. The obligation on outside counsel to maintain the confidentiality of materials designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order shall be deemed continuing. All other copies of CONFIDENTIAL or ATTORNEY'S EYES ONLY documents produced by any party shall be returned by counsel of record to the producing party that provided the documents, with a certification that all such material has been returned or, alternatively, counsel of record may submit a certification that all such material has been destroyed.

21. Pending Court approval of this Agreed Protective Order, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

| | |
|---|---|
| /s/ Brian P. O'Connor<br>Brian P. O'Connor (0086646)<br>Charles E. Reynolds (0019935)<br>SANTEN & HUGHES<br>600 Vine Street, Suite 2700<br>Cincinnati, OH 452052<br>513-721-4450<br>Fax: 513-721-0109<br>bpo@santenhughes.com<br>cer@santenhughes.com<br>*Attorneys for Plaintiff*<br><br>/s/ Michael R. Goodstein<br>Michael R. Goodstein (008476)<br>Mark A. Glumac (0087775)<br>Bailey Cavalieri LLC<br>10 W. Broad Street,<br>Suite 2100<br>Columbus, Ohio 43215<br>614-229-3231<br>Fax: 614-221-0479<br>mgoodstein@baileycav.com<br>mglumac@baileycav.com<br>*Attorneys for Defendant Federal Insurance Co., d/b/a Chubb* | /s/ John C. Greiner<br>John C. Greiner (0005551)<br>Graydon Head & Ritchey LLP<br>312 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45202<br>513-629-2734<br>jgreiner@graydon.law<br><br>/s/ Thomas M. Green<br>Thomas M. Green<br>800 Performance Place<br>109 North Main Street<br>Dayton, Ohio 45402<br>937-224-3333<br>tmgreen@green-law.com<br><br>/s/ Gary Cruciani<br>Mike McKool (*pro hac vice*)<br>Gary Cruciani (*pro hac vice*)<br>Michael P. Fritz (*pro hac vice*)<br>McKool Smith<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>214-978-4208<br>mmckool@mckoolsmith.com<br>gcruciani@mckoolsmith.com<br>mfritz@mckoolsmith.com<br>*Attorneys for Darling Ingredients, Inc. f/k/a Darling International, Inc. and Griffin Industries LLC* |

The Parties, by and through their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

APPROVED this 11th day of June, 2019.

_____
**Judge Walter H. Rice**

# EXHIBIT A
## UNDERTAKING AGREEMENT

I, _____, hereby acknowledge that I have been provided with a copy of and read the Agreed Protective Order Governing Confidentiality of Documents (the "Order") entered in Case No. 3:19-CV-9 in the United States District Court of the Southern District of Ohio, Western Division, and that I understand the terms, conditions, and restrictions it imposes on any person given access to "CONFIDENTIAL" materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

I will not disclose "CONFIDENTIAL" materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the United States District Court of the Southern District of Ohio, Western Division, with respect to any proceedings relative to the enforcement of the Order.

Dated this ___ day of _____, 201___.

_____
Printed Name

_____
Signature

_____
Home Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Job Title/Description

656010.4